Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Dean A Hawkins |
| Debtor 2 | |
| United States Bankruptcy Court for the: | Southern District of Florida, Miami Division |
| District of | FL (State) |
| Case Number | 1530207 |

Official Form 410S1

# Notice of Mortgage Payment Change

12/15

**If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.**

**Name of Creditor:**
**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR CERTIFICATEHOLDERS OF CWABS INC, ASSET-BACKED CERTIFICATES,   SERIES 2007-5**

**Court claim no. (if known):** 3

**Date of payment change:** 05/01/2019
Must be at least 21 days after date of this notice

**Last four digits** of any number you use to identify the debtor's account: 3740

**New total payment:** $892.42
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

**1. Will there be a change in the debtor's escrow account payment?**

☑ No

☐ Yes  Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

Current escrow payment: _____   New escrow payment: _____

## Part 2: Mortgage Payment Adjustment

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

☐ No

☑ Yes  Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

Current interest rate:           3.00000%         New interest rate:           3.62500%
Current principal and interest payment:   $400.89   New principal and interest payment:   $421.79

## Part 3: Other Payment Change

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☑ No

☐ Yes  Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (*Court approval may be required before the payment change can take effect.*)

Reason for change: _____

Current mortgage payment: _____   New mortgage payment: _____

# Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box.

☐ I am the creditor

☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

/s/ Monica Meadows                              Date    03/19/2019
Signature

| | | | |
|---|---|---|---|
| **Print** | Monica Meadows | Title | Bankruptcy Case Manager |
| Company | NewRez LLC DBA Shellpoint Mortgage Servicing | | |
| Address | PO Box 10826 | | |
| | Greenville    SC    29603-0826 | | |
| Contact phone | (800) 365-7107 | Email | mtgbk@shellpointmtg.com |

**Modification Agreement**
(Servicer Copy)

**Bank of America** Home Loans

RECORDING REQUESTED BY:
Bank of America, N.A.
Attn Home Retention Division: CA6-919-02-46
400 NATIONAL WAY
Simi Valley, CA 93065

Loan #:

BAC MODIFICATION AGREEMENT   Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.

(Page 1 of 11 pages)

This document was prepared by
Home Retention Services, Inc.,
Modifications Department
9700 Bissonnet Street
Suite 1500
Houston, TX 77036
1.877.422.1761

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between Dean A Hawkins, (the "Borrower(s)") and Bank of America, N.A. ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 20 day of March, 2007 and in the amount of $143,000.00, and (2) the Note bearing the same date as, and secured by, the Security Instrument (the "Note") which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 1230 NW 179th St, Miami, FL 33169.

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) Security Instrument on the Property and (2) the Note secured by the Security Instrument, and any previous modifications to the Security Instrument and/or Note. The Security Instrument and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

I have received three copies of this Agreement. After I sign and return two copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1.    **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan

Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

- A. The property is currently occupied and there has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow.

- B. I have provided documentation for **all** income that I receive that I am required to disclose, and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

- C. Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Modification, are true and correct to the best of my information and belief.

- D. I have made all payments required under a trial period plan or loan workout plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    - A. If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

    - B. I understand that the Loan Documents will not be modified unless and until (1) I return a signed and notarized (if required) copy of this Agreement to Lender, (2) the Lender accepts this Agreement by signing it, and (3) the Modification Effective Date (as defined in Section 3 below) has occurred.

3. **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on May 01, 2013 (the "Modification Effective Date").

    - A. As part of this Modification, I agree that all amounts and arrearages that are or will be

past due as of the Modification Effective Date, including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, (collectively "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan, will be added to the current principal balance of the Note. This combined principal balance will be $236,978.42 (the "Combined Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

B. $145,594.42 of the Combined Principal Balance is hereby permanently forgiven, and will be deducted from the unpaid principal balance. I further acknowledge that Lender may be required to report the amount of principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Lender has recommended that I consult my own tax advisor to determine how this forgiveness impacts my personal situation.

C. As of the Modification Effective Date the principal balance of the loan that remains due and payable is $91,384.00 (the "New Principal Balance").

D. $7,446.55 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance, minus the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $83,937.45.

Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of April 01, 2013, and the first new monthly payment on the Interest Bearing Principal Balance will be due on May 01, 2013. My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Type of Payment | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|---|
| Years 1-5 | 2.000% | 4/01/2013 | Principal and Interest | $367.21 | $569.92 May adjust periodically | $937.13 May adjust periodically | 05/01/2013 | 60 |
| Year 6 | 3.000% | 4/01/2018 | Principal and Interest | $400.89 | May adjust periodically | May adjust periodically | 05/01/2018 | 12 |
| Years 7-24 | 3.625% | 4/01/2019 | Principal and Interest | $421.79 | May adjust periodically | May adjust periodically | 05/01/2019 | 216 |

> \* If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.
>
> The terms in this Section 3.D. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.
>
> The total remaining principal balance that will be due in a balloon payment at the maturity of my loan will be the Deferred Principal Balance described in paragraph D above. This means that, even if I make all of the scheduled payments on time and comply with all other terms of the modified loan agreement, a principal balance of $7,446.55 will remain unpaid at the time of the scheduled maturity date. This balance will **not** accrue interest at the Note rate and is sometimes called a balloon payment. I will need to make arrangements to pay this remaining balance when I payoff my loan, when I transfer an interest in (unless permitted by applicable law), refinance or sell the Property, or at maturity.
>
> E.    I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F.     If I make a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due and no prepayment penalty or fee will be charged.

4. **Additional Agreements.** Lender and I agree to the following:

   A.     All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

   B.     This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

   C.     I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

   D.     The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   E.     All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

   F.     I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b)

leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

G. On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must

pay all sums secured by the Security Instrument. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand, to the extent such action is not prohibited by applicable state and federal law.

H. On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K. I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. If I elect not to sign any such correction documents, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall, at Lender's sole option, continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement.

L. Any optional product(s) I may have purchased after the closing of my Loan, the cost for

    which I agreed to have added to my Total Monthly Payment, will (1) remain in force as long as I add the amount due and owing to my Total Monthly Payment each month and (2) continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless I (a) notify the provider of the optional product of my request to cancel; or (b) fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the Governing Documents. If I have questions about any optional product(s) I may have purchased, I should contact Bank of America, N.A.

M. I agree and consent to the disclosure of my personal information and the terms of this Modification Agreement by Lender or its agents to (a) governmental authorities, including the U.S. Department of the Treasury and Department of Justice, and their agents, (b) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services this Loan or any subordinate lien on the Property; (c) companies that perform support services in conjunction with this Modification and (d) any HUD-certified housing counselor.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

If you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_Dean A Hawkins_ (signature)                                    4/8/13

Borrower  Dean A Hawkins                                          Date

_____          _____
Borrower                                                              Date

Kevin L Reed (signature)  05/08/13
PERSONALLY KNOWN

**DO NOT WRITE BELOW THIS LINE**

THIS SECTION IS FOR INTERNAL USE ONLY

**Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP**

By: Stewart Lender Services, Inc., its attorney in fact

By: _____          _____
                                                                                                Date

_____, Stewart Lender Services, Inc.

| | |
|---|---|
| NewRez LLC DBA Shellpoint Mortgage Servicing<br>PO Box 10826<br><br>Greenville, SC  29603-0826 | Phone Number:     (800) 365-7107<br>Fax:                       (866) 467-1137<br>Email:   mtgbk@shellpointmtg.com |

RE: Debtor 1    Dean A Hawkins
    Debtor 2

Case No:     1530207

PROOF OF SERVICE

I certify that a copy of the foregoing documents were served upon the following persons electronically or by mail via the U.S. Postal Service, postage prepaid or by personal delivery, at their scheduled addresses on this day,  3/19/2019.

Southern District of Florida, Miami Division
301 North Miami Avenue
Room 150
Miami, FL  33128


Nancy K. Neidich
POB 279806
Miramar, FL  33027



Mandy L Mills
4343 W. Flagler Street, Ste. 100
Miami, FL 33134



Dean A Hawkins

1230 NW 179th St
Miami FL  33169



/s/ Monica Meadows